**ASSOCIATED GENERAL CONTRACTORS OF AMERICA v. JOPLING–MARSHALL CONST. CO. et al.    (No. 2076.)**

Court of Civil Appeals of Texas. El Paso. Dec. 8, 1927.

Rehearing Denied Jan. 5, 1928.

**1. Corporations ⬌175—Contractors' failure to receive expected benefit from corporate association would not constitute failure of consideration.**

That contractors did not fully and at times for which assessment was sought to be collected realize the benefits they hoped and expected to receive from their membership in corporate association, formed for mutual aid and benefit of contractors, would not constitute a failure of consideration.

**2. Corporations ⬌175—Failure of consideration, if any, occurring subsequent to time when assessments were payable, held not to affect corporate association's. right to recover thereon.**

Where it was not claimed that contractors had not received full benefit of whatever corporate association formed for their mutual protection and benefit, promised from time they became members up to and at time assessments sued for became due and payable, failure of consideration, if any, occurring subsequent to time when assessments had matured and become due and payable, *held* not to affect association's right to recover such assessments.

Appeal from Dallas County Court at Law No. 1; Paine L. Bush, Judge.

Action by the Associated General Contractors of America against Jopling-Marshall Construction Company and others. Cross-action by defendants. From judgment that plaintiff take nothing by its suit, and defendant named recover nothing on its cross-action, plaintiff appeals. Reversed in part and rendered, and affirmed in part.

Turner & Rodgers and Carlton R. Winn,. all of Dallas, for appellant.

Spafford & Jackson, of Dallas, for appellees.

WALTHALL, J. Appellant, a mutual benefit private Texas corporation, its membership composed of general construction contractors organized without capital stock, and for the purpose of promoting and· maintaining the highest standard of professional conduct

in their relations with each other, and with the architects, engineers, owners, and general public, by free exchange of constructive ideas between its members, in its tendency to so reduce building costs as to raise the general standard of work, brought this suit against appellees, John C. Jopling and Allen F. Marshall, as members of appellant corporation, individually and as copartners composing the copartnership of Jopling-Marshall Construction Company, to recover of appellees the sum of $517.50 as membership dues alleged to be due appellant, imposed by the constitution and by-laws of appellant obligating appellees to pay a certain specified per cent. of the contract, under a contract for the construction of a certain building in the city of Dallas, Tex. It is alleged that said dues were due and payable, and that appellees refused payment.

Appellees answered by general demurrer, general denial, pleaded that, at appellant's instance and request, and in consideration of certain benefits promised by appellant, and as set out in appellant's charter, constitution, by-laws, code of ethics, and rules of procedure, and in consideration of appellant's promise of observing and abiding by all of its purposes, obligations, provisions, and duties set out in its charter, constitution, by-laws, code of ethics, and rules of practice, appellees became members of appellant corporation, and agreed to the dues and charges of membership as provided therein.

Appellee further alleged that it was the duty of appellant in respect to appellees to abide by and perform its obligations, promises, and carry out its purposes as expressed in its charter and other instruments above mentioned, and as therein provided shall be done. Appellees then pleaded certain provisions contained in appellant's code of ethics and rules of procedure, a few extracts from which read as follows:

"That members in their professional relation with each other should be governed by principles of honor, honesty, and strict fidelity to trusts imposed upon them." "Competition in the construction industry, if it is to be wholesome and made to serve an useful purpose, must be conducted in a way that is fair alike to owner and contractor." "The inducement for a contractor to figure closely and bid low (which are the basic reasons for competitive bidding) would be greatly reduced if the low bidder were to receive the legitimate advantage of his low bid. The preparation of an intelligent bid by any contractor involves time, labor, and expense, and his bid should not be used unfairly. The rules of fairness and honor should govern the owner, architect, and the engineer as well as the competing bidders."

Appellees further allege that the rules of practice provide that:

"In the event of change in the plans or specifications, only bidders who submitted original proposals should be allowed to figure, and each bidder in good faith has the right to alter the terms of his original proposal according to the changes made, but no bidder should make alterations in his figures disproportionate to the changes made in the plans and specifications, for such would unfairly change the relative status of the original bid,"

—and further pleaded that said rules provide that:

"The bidders on a competitive project shall, at the time of submitting their bid, file exact copies of same with the secretary of the local chapter where the competition occurs, these to be opened and tabulated immediately after the time set by the architect, engineer or owner for the opening of the original proposals."

Appellees alleged that "they pleaded all of said constitution, by-laws, code of ethics, and rules of practice of said plaintiff (appellant) corporation, and that, as consideration for their becoming a member of said plaintiff corporation and agreeing to pay the dues and assessments provided for members of said plaintiff corporation, the plaintiff corporation agreed to abide by all the terms, provisions, duties, obligations, purposes, and designs of said constitution, by-laws, code of ethics and rules of practice."

Appellees alleged a failure of consideration for their obligation to pay said dues and assessments, in that, as alleged, appellant did not give the consideration it promised as above, and refused to abide by, and comply with, its said agreements. Appellees pleaded at length two instances, which we need not state in detail, in which they allege, in substance, that two members of appellant corporation, in competitive bidding with appellees, on two contracts for the construction of buildings, violated the above-stated rules and practice, that appellees made complaint to appellant in each instance, and that appellant did not exert itself in either instance in accordance with its contractual obligations and duties to remedy or correct what appellees alleged to be unethical and unfair acts and practices of said two members as complained of in bidding on said two contracts, and that, by said wrongful acts of said two members, and appellant's failure to investigate, remedy, and correct same, appellant failed in its obligations and duties, and by so doing failed to give appellees the consideration for which they became members of appellant corporation. Appellees attached to its answer, and made a part of the contract pleaded between appellant and appellees, certain paragraphs of appellant's code of ethics and rules of practice.

By way of cross-action appellees allege that they paid to appellant as dues and assessments amounts of money aggregating $312.50, and that, because of the alleged failure of consideration as above, appellees are entitled to recover said amount, and allege their damages, including said dues and as-

sessments, at $1,000, for which they ask judgment.

Appellant filed a supplemental petition, and we will state, in substance, only such parts of it as are brought here for review.

Appellant pleaded general demurrer to appellees' answer, and general demurrer to appellees' cross-action, a number of special exceptions, and general denial.

A jury on special issues submitted found, first, that appellees háve not received the benefits contemplated by the agreement between appellant and appellees, and, second, that appellees have failed to receive the benefits contemplated by the agreement between appellant and appellees to the extent of $517.50.

On the verdict rendered the court entered judgment that appellant take nothing by its suit, and that appellees recover nothing on their cross-action. The judgment recites that to the action of the court in entering said judgment appellant excepted, and in open court gave notice of appeal.

Appellant filed assignments of error, and prosecutes this appeal.

## Opinion.

Appellant's first proposition is that the constitution and by-laws of a corporation form a contract between it and its members. There seems to have been no issue based upon a contrary proposition to that asserted. We find nothing in the record to call for any ruling or observation under the proposition. Appellees base their defense upon the proposition that the constitution and by-laws of the corporation, together with its code of ethics and rules of practice, form a contract between the corporation and its members, and that the benefits therein provided express such purpose and consideration as to constitute a contract between the corporation and the membership. The record does not disclose that the trial court made any ruling adverse to that stated in the proposition.

The second proposition states that failure of consideration is no defense to a contract wholly executed both as to obligation and consideration. Appellees were admitted to membership in the appellant corporation, and paid the initiation fee, and to that extent the contract might be considered executed on the part of both, but it is alleged and contended here that membership carried with it other and continuing obligations on the part of both corporation and its members, the one to enforce on its individual members the observance of such conduct as to secure to the members individually its purposes and designs as set out in its constitution, by-laws, code of ethics, and rules of practice, and, on the part of the other, its individual members, to. pay to the corporation the assessments provided for, as stated, and as to such duties on the part of each the mutual obligations were continuous, and created a right in per-

sonam, and, considering the above obligations on the part of each as constituting a contract, it was not an executed contract, that is, not wholly performed on either side, not a thing of the past, since there remains something to be done on both sides, a promise for a promise, neither being fully performed so long as their relations remained.

The third proposition states that appellee alleged no facts constituting a failure of consideration of the contract sued upon by appellant.

Appellant made the constitution and by-laws of the corporation the basis of the contract upon which it sued for the unpaid assessment of $517.50, and that, under the provisions of those two instruments, appellees on application became members of the corporate body. It is insisted under the proposition that the constitution and by-laws constitute the one, and only one, contract to which there could have been a plea of failure of consideration.

Appellees in their answer pleaded that there were other instruments than the constitution and by-laws, each of which formed parts of the contract, and as such parts set out the code of ethics and rules of practice, and alleged that appellant agreed to abide by the provisions contained in all of said instruments, and considering all of said instruments as forming the contract, appellees allege a failure of consideration, as elsewhere set out. We see no practical difference between the provisions of the constitution and by-laws and those of the code of ethics and rules of practice more than those of the code and rules are more extensive and explicit. Certainly there is no conflict between the constitution and by-laws and the code and rules in stating the benefits and objects to be accomplished by the organization. In submitting the issues to the jury, the court speaks of the "benefits contemplated by the agreement between plaintiff and defendants," and, so far as the record shows, without informing the jury what benefits are held out to members by any particular instrument, or instruments, or without informing the jury as to what instrument or instruments they are to look to to know what benefit or benefits are promised as a consideration for membership. Appellees sufficiently stated the facts, we think, upon which they relied, that is, stated the benefits which the corporation held out as inducements for membership, stated specific acts or conduct on the part of two of appellant's members as tending to defeat or prevent appellees from receiving the benefits that should assure to them as members, and that appellant made no effort to correct same or prevent its recurrence. Appellant discusses under this proposition what seems to be the main and only issue in the case, that is, in effect, as we understand it, that the code and rules are more or less directory only, and that the matters therein

contained are to be observed and followed by the members themselves with no form of obligation imposed upon appellant as between it and its members in imposing upon appellant any duty or action on its part, that is, no investigation of the actions or conduct of the members is imposed upon the corporation in securing to the individual members the benefits of the organization, and for that reason there could be no breach of contract or duty on its part, that is, no failure of consideration.

While the code and rules provide that members in their relation with each other should be governed by principles of honor, honesty, and strict fidelity to trusts imposed upon them, that discriminatory action against any member will be opposed by the entire association as a body, that the purpose of the association is to limit its membership to contractors whose dealings with one another shall be entirely honorable and ethical, and that it shall be the duty of every member to strictly observe the principles promulgated in the code and rules, that competition in the construction industry must be conducted in a way that is fair alike to owner and contractor, and other similar expressions, we find nothing in any of the instruments that expressly makes it the duty of appellant to take any action as to any member, should such member's conduct be inconsistent with any expressed purpose of the association, or inconsistent with any duty assumed by any member to the association or to any other member.

[1, 2] It seems to be an individual matter with each member as to what his conduct will be. The question then is presented: Conceding a failure on the part of two members of the association to observe the conduct enjoined upon them by the code and rules in their relation to appellees, and a failure on the part of the corporate association to take action in the matter to correct or prevent a recurrence of same, does such conduct and failure constitute a breach of contract, and thereby relieve appellees from their obligation to pay an assessment then due and payable? It may be that appellees did not fully and at the times complained of realize the benefits they hoped and expected to receive from their membership in the association, but failure of consideration does not arise from disappointed hopes in the result of contracts or the motive that prompted them to become members of the association. Simkins on Contracts & Sales (3d Ed.) p. 83.

The amount of the assessment sued for accrued and became payable to appellant while appellees were members of the association, and prior to the matters complained of. The obligation on the part of appellant is a moral obligation, synonymous with ethical obligations, and, under some of the authorities we have examined, recognized as a sufficient consideration and enforceable liability. Other courts have rejected the doctrine that a purely moral obligation based on mere ethical considerations will support a promise. If the promise of benefits to the members on the face of the contract rests solely in the consciences of the individual members, and for that reason impossible of enforcement, it would seem to be no consideration, and would not support an agreement. Neither the appellant itself nor the courts could enforce an observance of such contract on the part of the association. But the suit here is not one to enforce the contract on the part of appellant. Appellees became members of the association in 1923. The item sued for became due and payable on January 1, 1925. The matters complained of by appellees as constituting a breach of contract and failure of consideration arose in 1926.

There is no suggestion that appellees had not received the full benefit of whatever the association promised from the time they became members up to and at the time the amount sued for became due and payable, and, if there was a failure of consideration, the failure occurred subsequent to the time when the cause of action here had matured and become due and payable, and for that reason the failure of consideration, as found by the jury, did not affect appellant's cause of action.

The case is reversed in part, and judgment here rendered for appellant and against appellees for the amount sued for, and as to the judgment on the cross-action same is not disturbed.